By the Court.
Sedgwick, Ch. J.
The action was for money received by defendant for plaintiff’s use. The plaintiff had made a contract with the city, from which, upon performance on his part, he would be entitled to receive a large sum of money. Circumstances which it is not necessary to detail, led the plaintiff to assign to the defendant all moneys to grow due to the plaintiff under the contract. Contemporaneously, an agreement was made between the parties. It recited the making of the assignment, and that it, although absolute on its face, was made only “in security.” And thereupon the agreement witnessed, that the purposes for which the assignment 'was made were as then followed : “ First, that out of the sums assigned as aforesaid, the said party of the second part,” the present defendant, “ is to be paid a fee of $3,500, in full payment and satisfaction for his services in all matters and questions which have arisen or may arise in relation to said contract.” Then were stated the other purposes. These are not material to this appeal. *422 After this the defendant performed valuable services in relation to the contract.
The agreement was made in May, 1879, and the contract had not then nearly been performed.
After performance, as claimed by the parties to this suit, the city refused to pay the money that the contract provided should be paid by it. Various and complicated claims to the moneys due under the contract and the agreement that has been referred to had arisen. By consent of the parties interested, these claims were united in Thomas J. McKee, and by general consent an action was brought against the city for the recovery of the amount due under the contract. This action was begun in October, 1882. The plaintiffs therein were Mr. McKee and the present plaintiff. They appeared by the present defendant as their attorney. The issues were referred and the .testimony was taken through a laborious trial down to February 12, 1884. On that day the plaintiff here wrote to the present defendant a letter. It declared that under the assignment already recited in this opinion, the plaintiff acknowledged that the defendant had advanced to him $31,167.96, and that this amount, after the payment of certain claims, “ is to be retained by you out of any judgment recovered against the city on my said contract, together with the sum of $10,000 counsel fee.”
Judgment was obtained against the city, and a large portion of it paid to the present defendant. The claim in this action is that he has not paid to the plaintiff all that the latter is entitled to receive. The defendant claims to be entitled to retain the $3,500, provided for his fee under the first agreement. The plaintiff claims that this provision was extinguished by the arrangement made by the letter of February 12, 1884. The plaintiff does not dispute defendant’s right to retain, as he has the $10,000 fee provided by the letter.
On the trial, the learned judge held, that the defendant was entitled to retain both fees; that the latter was intended to be additional to the former. The plaintiff *423 asked to go to the jury on the question of fact, of whether the services for which the $10,000 counsel fee was provided, were not part of the services for which the fee of $3,500 had been stipulated to be paid. If that were the case, the defendant could not justly claim to retain for services under one contract, when he had retained enough to pay him under the other.
The first consideration pertains to the inquiry, whether, on the face of the first contract it appears that such a service as the defendant rendered for the plaintiff in the action against the city, and for which in part the $10,000 fee was to be paid, was not contemplated by that contract. The description of the services to be rendered was “ services in all matters and questions which have arisen or may arise in relation to said contract.” There can be no doubt that the subsequent action against the city, was a matter relating to the contract, and the phrase “fee of $3,500,” has an intimation that the services intended were partly at least of a legal kind, which is customarily paid for by fees. Then, the defendant, to sustain his position, must resort to circumstances outside of the words of the contract, and show from them, so that a jury would not be entitled to say to the contrary that the intention of the parties did not regard services of the kind that the defendant rendered in the action. The testimony as to these circumstances was not so decisive of the question, that a jury could not find to the contrary. It is not to be said that a jury would not have been warranted in finding for the defendant on this point. But there was testimony which would have supported a verdict for plaintiff. Part of it may be adduced. The action was an appropriate means of accomplishing the purpose, for which on its face, the agreement had been made. After the agreement, and for about fifteen months while the action was pending, the defendant did not ask for any compensation from the plaintiff for the services in the action, or that any arrangement concerning it should be made. According to the plaintiff’s testimony which a jury must weigh, *424 the defendant demanded the compensation of $10,000, because the sum of $3,500 was not sufficient or proper. From this, the jury would be called upon to say whether the defendant did not admit that the two sums referred in part at least to the same services.
In my opinion, the plaintiff should have been permitted, as he asked, to go to the jury, on the question of whether it was not intended by the first contract that the services by it to be rendered by the defendant, were not such as he afterwards rendered in the action against the city.
The plaintiff’s exception sustained, the verdict set aside, and a new trial ordered, with costs to abide the event.
Truax and O’Gorman, JJ., concurred.